# EXHIBIT C

# EXHIBIT C

Electronically Filed
04/07/2015 01:05:45 PM

CLERK OF THE COURT

```
 1  COMP
    CAL J. POTTER, III, ESQ.
 2  Nevada Bar No. 1988
    C. J. POTTER, IV, ESQ.
 3  Nevada Bar No. 1988
    POTTER LAW OFFICES
 4  1125 Shadow Lane
    Las Vegas, Nevada 89102
 5  Tel:  (702) 385-1954
    Fax: (702) 385-9081
 6  Attorneys for Plaintiffs
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

VICTOR PEREZ, as Special Administrator
of the Estate of CARLOS PEREZ, deceased;
VICTOR PEREZ, as the Guardian Ad Litem
for SOPHIA ELISE PEREZ, a minor;
VICTOR PEREZ, as the Guardian Ad Litem
for ALEXANDER IZRYAL PEREZ, a minor;
and MYRA PEREZ, individually.

  Plaintiff,

vs.

STATE OF NEVADA; DIRECTOR GREG
COX, individually; WARDEN DWIGHT
NEVEN, individually; ASSISTANT
WARDEN TIMOTHY FILSON, individually;
COT. RAMOS, individually; LIEUTENANT
OLIVER, individually; CORRECTIONS
OFFICER CASTRO, individually;
CORRECTIONS OFFICER SMITH,
individually; and DOES I-X, inclusive; and
ROES I-X, inclusive,

  Defendants.

Case No.: A- 15- 716601- C

Dept. No.: XXI X

## **COMPLAINT**

(Jury Trial Demanded)

  COMES NOW, Plaintiffs, VICTOR PEREZ, as Special Administrator of the Estate of CARLOS PEREZ, deceased; VICTOR PEREZ, as the Guardian Ad Litem for SOPHIA ELISE PEREZ, a minor; VICTOR PEREZ, as the Guardian Ad Litem for ALEXANDER IZRYAL PEREZ, a minor; and MYRA PEREZ, individually, by and through their counsel, Cal J. Potter,

1  III, Esq. and C. J. Potter, IV, Esq. of Potter Law Offices for his Complaint against Defendants,
2  allege as follows:

### JURISDICTION AND VENUE

1. This is a civil rights action arising from Defendants' wrongful shooting of Decedent Carlos Perez at High Desert State Prison, Clark County, Nevada. This action is brought pursuant to 42 USC § 1983 and the Eight Amendment to the United States Constitution, as well as the Fourteenth Amendment right to association by the family member and heirs of Carlos Perez ("Decedent").

2. A substantial part of the events and/or omissions complained of herein occurred in Indian Springs, Nevada, and this action is properly assigned to Nevada's Eighth Judicial District Court.

### PARTIES

3. At all relevant times to these proceedings, Plaintiff Victor Perez, as Special Administrator of the Estate of Carlos Perez, deceased, and as the Guardian Ad Litem for Sophia Elise Perez, a minor, and Alexander Izryal Perez, a minor was and is a resident of the State of Nevada and is the brother of the Decedent.

4. At all relevant times to these proceedings, Plaintiff Myra Perez was and is a resident of the State of Nevada and is the mother of the Decedent.

5. At all relevant times to these proceedings, Defendant State of Nevada promulgates the unconstitutional policies which caused Carlos Perez's death, operates High Desert State Prison and employs the individual defendants.

6. Defendant Director Greg Cox was and is the Director of Nevada Department of Corrections at all times herein and promulgated the unconstitutional policies which caused Carlos Perez's death. Defendant Cox has ratified the individual defendants unconstitutional conduct and his ratification demonstrates that the individual defendants actions were not inconsistent with NDOC's actual customs, even when they depart from generally accepted policies. He is sued in his individual capacity.

. . .

7. Defendant Dwight Neven was and is the Warden of the High Desert State Prison and at all times relevant herein and promulgated the unconstitutional policies which caused Carlos Perez's death. Defendant Filson has ratified the individual defendants unconstitutional conduct and his ratification demonstrates that the individual defendants actions were not inconsistent with NDOC's actual customs, even when they depart from generally accepted policies. He is sued in his individual capacity.

8. Defendant Assistant Warden Timothy Filson was and is the Assistant Warden of the High Desert State Prison at all times herein and promulgated the unconstitutional policies which caused Carlos Perez's death. Defendant Filson has ratified the individual defendants unconstitutional conduct and his ratification demonstrates that the individual defendants actions were not inconsistent with NDOC's actual customs, even when they depart from generally accepted policies. He is sued in his individual capacity.

9. Defendant COT. Ramos was a Corrections Officer at High Desert State Prison and was acting within the course and scope of that employment. He fired four times with live rounds at Carlos Perez with intent to harm Mr. Perez and if fact killed Carlos Perez. He is sued in his individual capacity.

10. Defendant Lieutenant Oliver was a Corrections Officer at High Desert State Prison and was acting within the course and scope of that employment. Defendant Oliver was deliberately indifferent to Carlos Perez constitutional rights as well as his serious medical needs. He is sued in his individual capacity. Defendant Oliver has ratified the individual defendants unconstitutional conduct and his ratification demonstrates that the individual defendants actions were not inconsistent with NDOC's actual customs, even when they depart from generally accepted policies. He is sued in his individual capacity.

11. Defendant Corrections Officer Castro was a Corrections Officer at High Desert State Prison and was acting within the course and scope of that employment. Defendant Castro was deliberately indifferent to Carlos Perez constitutional rights as well as his serious medical needs. Defendant Castro chose not to intervene and prevent two handcuffed individuals from kicking one another. On the Contrary, Defendant Castro ordered that Carlos Perez be shot.

1 Thereafter he refused to provide medical attention to Carlos Perez. He is sued in his individual
2 capacity.

3     12.    Defendant Corrections Officer Smith was a Corrections Officer at High Desert
4 State Prison and was acting within the course and scope of that employment. Defendant Smith
5 was deliberately indifferent to Carlos Perez constitutional rights as well as his serious medical
6 needs. chose not to intervene and prevent two handcuffed individuals from kicking one another.
7 On the Contrary, Smith walked around the inmates. Thereafter he refused to provide medical
8 attention to Carlos Perez. He is sued in his individual capacity.

9     13.    The true names and capacities, whether individual, corporate, associate, or
10 otherwise, of Defendants herein designated as Does I-X are presently unknown to Plaintiffs
11 because the NDOC has chosen to cover-up their violations of civil rights rather than be
12 transparent and accountable for their actions, therefore, sue Defendants by such fictitious names;
13 when their true names and capacities are ascertained, Plaintiffs will amend the Complaint
14 accordingly to insert the same herein. In fact, the family of Carlos Perez has repeatedly attempted
15 to obtain information concerning NDOC's murder of their brother, however NDOC has refused to
16 be transparent or accountable. Plaintiffs are informed and believe, and thereon allege, that each of
17 the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some
18 manner for the events and happenings as hereinafter described, and proximately caused injuries
19 and damages to Plaintiffs. Among the Doe defendants are back-up officers and medical personnel
20 whom refused to respond to the scene in a expedient fashion and once upon the scene refused to
21 provide Carlos Perez with medical care with intentional, deliberate indifference to his serious
22 medical needs.

23     14.    Plaintiffs are informed and believe, and thereon allege, that each of the Defendants
24 was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator,
25 and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting
26 within the course and scope of that relationship. Plaintiffs are further informed and believe, and
27 thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the
28 remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as

4

alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs and Decedent of constitutional rights and other harm.

15. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the State of Nevada.

16. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Nevada.

## GENERAL ALLEGATIONS

17. This lawsuit arises from the execution/homicide of Carlos Perez while he was in custody of the State of Nevada as an inmate incarcerated in protective custody.

A. CIRCUMSTANCES OF DEATH:

18. The Decedent was an inmate at the High Desert State Prison in Indian Springs, Nevada and was in the care, custody, and control of the State of Nevada and its Warden Dwight Neven and all other Defendants.

19. Carlos Perez was an inmate in protective custody under administrative segregation who was handcuffed, unarmed, and not posing a threat or danger when he was shot by Defendant Ramos.

20. The shooting death of Carlos Perez occurred on November 12, 2014 when Defendant Ramos was assigned as a floor officer for Unit 2 AB at High Desert State Prison. At the same time and place, Decedent Carlos Perez was an inmate in protective custody under administrative segregation. At approximately 8:00 p.m., Defendants Cox, Neven, Filson, Oliver, Ramos, Castro and Smith violated polices and procedures and had inmate Andrew Arevalo out of his cell at the same time as Carlos Perez. Defendants Castro and Smith released restrained inmate Perez from his shower at the same time inmate Arevalo was out of his cell. Eventually, the two inmates started yelling and kicking each other. Rather than separating the inmates, who were each handcuffed behind their back, Defendants Castro and Smith refused to intervene. On the contrary, Smith and Castro created a gladiator-like scenario and allowed the inmates to fight. Additionally, Smith and Castro affirmatively avoided separating the inmates.

21. Eventually, Defendant Castro by maliciously and sadistically ordered Defendant Ramos to deploy lethal force against Carlos Perez.

22. Defendant Ramos grabbed his shotgun and by maliciously and sadistically shot Carlos Perez with a shotgun and killed him.

23. Defendants violated their policies and practices and had inmate Andrew Arevalo out of his cell at the same time as inmate Carlos Perez. This action was against policy and Defendants should have been trained and supervised so that the inmates were not out of their cells at the same time. Both inmates Perez and Arevalo were handcuffed. Officer Ramos started shooing at both inmates who were handcuffed and kicking at one another. Officer Ramos without just cause continued to shoot at Carlos Perez after he was on the ground and Carlos Perez was yelling at the officer and Arevalo when Officer Ramos fired killing Carlos Perez.

24. The Decedent was in administration segregation in the hole and was supposed to be single celled and to be protected from confrontation of other inmates at the time of the showering.

25. NDOC policies encouraging the use of deadly force, in non deadly force situations, lead to the intent to harm Carlos Perez and lead to his homicide.

26. The Coroner has determined that Carlos Perez died from multiple gunshot wounds to the head, neck, chest, and arms. The Coroner determined that the manner of death was homicide.

27. Defendants used unreasonable, unnecessary, excessive, and deadly force with the intent to harm Carlos Perez that lead to his homicide.

28. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Decedent's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

29. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

6

|   |   |
|---|---|
| a. | Wrongful death/homicide of Carlos Perez; |
| b. | Medical and funeral expenses; past and future; |
| c. | Pain, suffering, and emotional injury; past and future; |
| d. | Violation of constitutional rights; |
| e. | All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and otherwise allowed under Nevada and United States statutes, codes, and common law. |

## FIRST CAUSE OF ACTION

### 42 USC §1983 - Excessive Force and Deliberate Indifference to a Serious Medical Need
### (against all Defendants)

30. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

31. By the actions and omissions of Defendants in unlawfully killing Carlos Perez described above, violated 42 USC § 1983, depriving Decedent of the clearly-established and well-settled constitutional right to be free from cruel and unusual punishment as secured by the Eight and Fourteenth Amendments to the United States Constitution.

32. At the time that Defendants shot and killed Carlos Perez, Defendants were acting under the color of law.

33. Defendants subjected Carlos Perez to their wrongful conduct, depriving Decedent Carlos Perez of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of the Decedent and others would be violated by their acts and/or omissions.

34. Defendants, and each of them, subjected Decedent to excessive use of force, in violation of the Eighth Amendment's guarantee against cruel and unusual punishment by maliciously and sadistically shooting Mr. Perez in the eye with the intent to cause him harm.

35. Defendants' use of force was not a good-faith effort to maintain discipline, but rather was done with the malicious and sadistic intent to harm the Decedent because the Defendants could have merely separated the inmates, but rather the Defendants maliciously and

sadistically deploy deadly force. Defendants decision was made pursuant to NDOC's and the supervisory level defendants' unconstitutional policies to deploy deadly force in situations that do not require such force.

36. Defendants, and each of them, were deliberately indifferent to Mr. Perez's constitutional rights by shooting Mr. Perez and killing him.

37. Defendants knowingly made, modified and carried out policies of the State of Nevada and its correctional department regarding being deliberately indifferent to the constitutional rights of inmates by having a policy to needlessly shoot inmates with shotguns.

38. At all times material hereto, Defendants pursuant to patterns, practices, policies, and/or customs, were deliberately indifferent to Mr. Perez's constitutional rights

39. Defendant's, and each of them, were deliberately indifferent to Decedent's serious medical needs by denying Decedent treatment for the injuries caused by Defendants' excessive use of force.

40. Mr. Perez's injuries were objectively serious because he was dying as a result of being shot with shotgun pellets.

41. Despite the fact that Mr. Perez was dying, and Defendants' actual knowledge of his worsening condition, the Defendants refused to provide Mr. Perezwith timely medical care.

42. As a direct and proximate result of denying Decedent treatment for the shotgun blasts, Decedent suffered further injuries and damages, including, death, excruciating pain, and extreme mental and emotional shock.

43. As a direct and proximate result of Defendants act and/or omissions as set forth above, Decedent Carlos Perez suffered a violent death and Decedent sustained violation of his constitutional rights, emotional injuries and damages as set forth herein in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00).

44. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and N.R.S.§ 42.005 in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00) as to the individual defendants.

. . .

1. 45. Plaintiffs are also entitled to costs and attorneys fees under 42 USC § 1988 and applicable Nevada statutes in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00).

## SECOND CAUSE OF ACTION

### NRS 42.085; Claims for Wrongful Death

(against all Defendants)

46. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

47. Defendants acted with willful misconduct and/or gross negligence, which was the direct and proximate cause of Mr. Carlos Perez's untimely death on November 12, 2014.

48. Defendants purposely, knowingly, willfully and maliciously shot and killed Carlos Perez.

49. Defendants are liable to Mr. Carlos Perez's estate and heirs pursuant to NRS § 41.085 for his pain and suffering as well as the loss of association, for loss of society and companionship and income and funeral expenses.

50. Plaintiffs are entitled to general and special damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00) and other statutory damages.

51. It has become necessary for Plaintiffs to retain the services of an attorney to pursue this action and Plaintiffs are entitled to an award of reasonable attorney's fees and costs in prosecuting this action.

## THIRD CAUSE OF ACTION

### Negligent Training, Supervision, and Retention

(against the State of Nevada, Director Greg Cox, and Warden Dwight Neven)

52. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

53. Defendants had a duty to use reasonable care in the training, supervision, and retention of its employees to ensure that those employees are fit for their positions.

54. The State of Nevada owed a duty to its inmate and the general public to adequately train and supervise staff at correctional centers so that they take reasonable precautions to

safeguard the physical welfare of inmates by instituting safe procedures for control and handling violent inmates.

55. The said Defendants breached their duty by failing to use reasonable care and by the negligent and careless training and supervision of Defendants Oliver, Ramos, Filson, Smith and Castro and other DOE Defendants, including DOES 1-10, such that said Defendants failed to take reasonable measures to safeguard the physical welfare of inmates by instituting safe procedures for control of violent inmates and by placing correctional trainees to use deadly force where deadly force should not have been used.

56. The State of Nevada breached its duty by failing to use reasonable care and by the negligent and careless training and supervision of Defendants Oliver, Ramos, Filson, Smith and Castro and other DOE Defendants, including DOES 1-10, with regard to the policy of single celling inmates from confrontation of other inmates at the time of the showering based upon sentence structure, institutional behavior, and disciplinary records.

57. The State of Nevada breached its duty by failing to use reasonable care and by the negligent and careless training and supervision of Defendants Oliver, Ramos, Filson, Smith and Castro and other DOE Defendants, including DOES 1-10 with regard to the policy of placing a violent inmate, exposing him to violent attack from an inmate while he was in protective custody, and failing to use and provide less than lethal force such as batons, tasers, and pepper spray.

58. Upon information and belief Defendants Oliver, Ramos, Filson, Smith and Castro and other DOE Defendants, including DOES 1-10, were unfit and unqualified to be employed by NDOC.

59. Plaintiffs herein are entitled to general and special damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00.)

60. It has become necessary for Plaintiffs to retain the services of an attorney to pursue this action and Plaintiffs are entitled to an award of reasonable attorney's fees and costs in prosecuting this action.

. . .

. . .

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (against all Defendants)

61. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

62. Defendant's intentional murder of Carlos Perez, was extreme and outrageous and was intentionally committed to cause Decedent to suffer emotional distress.

63. Murdering an inmate who was handcuffed, unarmed, and not posing a threat or danger when he was shot by Defendant Ramos transcends all bounds of decency tolerated in a civilized society.

64. As a direct and proximate result of Defendants' intentional infliction of emotional distress upon Decedent, Plaintiffs have incurred special and general damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

65. That as a direct result of the intentional acts of the Defendants, and each of them, Decedent was caused to suffer pain and suffering, and severe emotional distress and other related costs, in excess of TEN THOUSAND DOLLARS ($10,000.00).

66. That as a direct result of the intentional acts of the Defendants, and each of them, Plaintiffs are entitled to punitive damages in excess of TEN THOUSAND DOLLARS ($10,000.00).

67. Plaintiffs are also entitled to costs and attorneys fees under applicable Nevada statutes in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00).

68. At all times Defendants were acting within the course and scope of their employment as corrections officers of the State of Nevada and, therefore is responsible for the Defendants' state torts under a theory of *Respondeat Superior*.

. . .
. . .
. . .
. . .

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable, in excess of TEN THOUSAND DOLLARS ($10,000.00);

    b.    punitive damages under 42 USC § 1983 and Nevada law in an amount according to proof and which is fair, just, and reasonable, in excess of TEN THOUSAND DOLLARS ($10,000.00);

    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988 and as otherwise may be allowed by Nevada and/or federal law, in excess of TEN THOUSAND DOLLARS.($10,000.00);

    d.    Declaratory judgement finding that the Defendants violated the constitutional rights of Carlos Perez and that the NDOC has failing to use and provide less than lethal force such as batons, tasers, and pepper spray.

DATED this day 7th day of April 2015.

POTTER LAW OFFICES

By /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 1988
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiffs*