1  CAL J. POTTER, III, ESQ.
   Nevada Bar No. 1988
2  C. J. POTTER, IV, ESQ.
   Nevada Bar No. 13225
3  POTTER LAW OFFICES
   1125 Shadow Lane
4  Las Vegas, NV 89102
   Ph:   (702) 385-1954
5  Fax: (702) 385-9081
   cpotter@potterlawoffices.com
6  cj@potterlawoffices.com
   *Attorneys for Plaintiffs*
7

8              UNITED STATES DISTRICT COURT

9                    DISTRICT OF NEVADA

10

11 VICTOR PEREZ, as Special Administrator
   of the Estate of CARLOS PEREZ,
12  deceased; VICTOR PEREZ, as the Guardian
   Ad Litem for SOPHIA ELISE PEREZ,
13 a minor; VICTOR PEREZ, as the Guardian
   Ad Litem for ALEXANDER IZRYAL PEREZ,
14 a minor; and MYRA PEREZ, individually.

15          Plaintiffs,                    Case No.: 2:15-cv-1572-ADG-CWH

16     -vs-

17 STATE OF NEVADA; DIRECTOR GREG
   COX, individually; WARDEN DWIGHT
18 NEVEN, individually; ASSISTANT WARDEN
    TIMOTHY FILSON, individually;
19  COT. RAMOS, individually; LIEUTENANT
   OLIVER, individually; CORRECTIONS
20 OFFICER CASTRO, individually;
   CORRECTIONS OFFICER
21  SMITH, individually; and DOES I-X,
   inclusive; and ROES I-X, inclusive,
22
23          Defendants.
   _____/

24    **PLAINTIFFS' BRIEF IN RESPONSE TO COURT'S ORDER (Doc. 39)**

25          COMES NOW, Plaintiffs, named above, by and through their counsel of record, CAL J.

26 POTTER, III, ESQ. and C. J. POTTER, IV, ESQ. of POTTER LAW OFFICES hereby submit

27 the following Brief in response to Court Order (Doc. 39).

28 . . .

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS

**A.    SUMMARY OF FACTS GIVING RISE TO THIS LITIGATION**

This lawsuit arises from the homicidal execution of Carlos Perez while he was in protective custody at High Desert State Prison. At the time that Carlos Perez was shot and killed by a trainee officer Defendant Ramos, Carlos Perez was handcuffed, unarmed, and not posing a threat or danger.

The shooting occurred on November 12, 2014 when Defendant Ramos was assigned as a floor officer for Unit 2 AB at High Desert State Prison.  At the same time and place, Decedent Carlos Perez was an inmate in protective custody under administrative segregation. At approximately 8:00 p.m., Defendants Cox, Neven, Filson, Oliver, Ramos, Castro and Smith violated polices and procedures and had inmate Andrew Arevalo out of his cell at the same time as Carlos Perez.  Defendants Castro and Smith released restrained inmate Perez from his shower at the same time inmate Arevalo was out of his cell. Eventually, the two inmates started yelling and kicking each other. Rather than separating the inmates, who were each handcuffed behind their backs and wearing nothing but underwear and shower shoes, Defendants Castro and Smith refused to intervene. On the contrary, Defendants Smith and Castro created a gladiator-like scenario and allowed the inmates to fight. Additionally, Defendants Smith and Castro affirmatively avoided separating the inmates. Eventually, Defendant Castro maliciously and sadistically ordered Defendant Ramos to deploy lethal force against Carlos Perez. Defendant Ramos grabbed his shotgun and maliciously and sadistically shot Carlos Perez with a shotgun and killed him.

Defendants' actions violated their policies and practices by having inmate Arevalo out of his cell at the same time as inmate Carlos Perez.  This action was against policy and Defendants should have been trained and supervised so that the inmates were not out of their cells at the same time.  Carlos Perez was in administrative segregation because he had dropped out of a gang and was preparing to reenter society and provide for his children in a few months.

1  Protective custody inmates are required to be single-celled and to be protected from

2  confrontation of other inmates at all times.  When the fight between Carlos Perez and Andrew

3  Arevalo occurred, the corrections officers were supposed to be using a procedure called "pitch-

4  and-catch" in which one corrections officer ("CO") stands at the shower and another stands at

5  the inmate's cell. The inmate is then released from one CO to the other and no other inmate is

6  released to shower until the previous inmate is secured in his cell. In this case, the COs failed

7  to "pitch-and-catch" Perez and Arevalo and allowed a gladiator-like scenario to occur.

8          The Clark County Coroner determined that Carlos Perez died from multiple gunshot

9  wounds to the head, neck, chest, and arms. The Coroner determined that the manner of death

10 was "homicide".

11 **B.     THE PARTIES MET AND CONFERRED**

12          The parties personally met-and-conferred on March 8, 2016, and discussed their

13 respective positions concerning exhibits K, L, and M to NDOC's dispositive Motion. NDOC

14 accurately described the parties respective positions in their papers before this Court. (*See* Doc.

15 42).

16          Specifically, NDOC wishes to file the documents under seal because allowing the

17 public access to the exhibits will have a "chilling effect that will dissuade citizens from seeking

18 employment with the NDOC." (Doc. 42, p. 2, ln. 16). Defendant Ramos' attorney articulated a

19 general interest in privacy. (Doc. 42, p. 2, lns. 22-24). Defendants Smith and Castro joined in

20 the Privacy objection made by Ramos. (Doc. 42, p. 3, lns. 1-6).

21          Plaintiffs explained that there is a strong public interest in disclosure of the documents

22 and any privacy interest of the Defendants can be protected by redaction. (Doc. 42, p. 3, lns.

23 14-17).

24 . . .

25

26 . . .

27

28 . . .

# II.

## ARGUMENT

**A.** **THERE ARE NOT COMPELLING REASONS TO OVERCOME THE STRONG PRESUMPTION OF PUBLIC ACCESS TO THE PROPOSED SEALED EXHIBITS**

Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)(internal citations omitted).

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by articulating compelling reasons to seal the documents which are supported by specific factual findings that outweigh the historical right of public access to judicial documents.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1178-1179. In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Kamakana* at 1179.

The Ninth Circuit treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions. *Kamakana* at 1180. The strong presumption of access to judicial records applies fully to dispositive pleadings. The Ninth Circuit adopted this

---

[1]Two categories of documents have "traditionally been kept secret for important policy reasons:" 1) grand jury transcripts and 2) warrant materials in the midst of a pre-indictment investigation. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The phrase "traditionally kept secret" is  phrase is a term of art and a class of documents is covered by that term if there is "neither a history of access nor an important public need justifying access." *Kamakana* at 1184-85. However, even documents which have been "traditionally kept secret" are not sacrosanct. That is, a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access. *Kamakana* at 1185.

1    principle of disclosure because the resolution of a dispute on the merits, whether by trial or

2    summary judgment, is at the heart of the interest in ensuring the public's understanding of the

3    judicial process and of significant public events. *Kamakana* at 1179-80.

4         With regard to Exhibit K, Plaintiff submits that the only information which could

5    reasonably be interpreted to be private or arguably protected from disclosure is Defendant

6    Ramos' address and telephone numbers. The only substantive information contained in the first

7    page of document concerns conditions of the Defendant's employment following the incident

8    giving rise to this litigation. (See, Exhibit K). The second page of the exhibit, received by

9    Plaintiff ,is illegible and Plaintiff cannot reasonably ascertain what information the document

10   contains. (Id.). The only information that is arguably privileged, in third page of Exhibit K, is

11   Defendant Ramos' address. (Id.) In sum, there is no information contained in Exhibit K which

12   is "traditionally kept secret" and to the extent that the court believes that Defendants' privacy

13   objections are compelling, addresses and telephone numbers may be redacted to protect the

14   purported privacy interests.

15        With regard to Exhibit L,  Plaintiff submits that the only information which could

16   reasonably be interpreted to be private or arguably protected from disclosure is Defendant

17   Castro's address and telephone numbers. The only substantive information contained in the

18   first page of document concerns conditions of the Defendant's employment following the

19   incident giving rise to this litigation. (See, Exhibit L). The only legible information on the

20   second page concerns a voluntary resignation and a date which is presumably the Defendant's

21   last day of work. (Id.). Plaintiff submits there is no information that is "traditionally kept

22   secret" or privileged in the legible portions of the second page of Exhibit L. Pages 3 through 7,

23   of Exhibit K, purport to be an Employee Misconduct Adjudication Report. (Id.). Upon review

24   of that document there is no information whatsoever which should be shielded for public

25   access. On the contrary, the document demonstrates that the Defendant committed numerous

26   violations of NDOC policies and that Defendant NDOC's actual customs and practices caused

27   the wrongful death of Carlos Perez. Plaintiff submits that the public maintains a strong interest

28   in disclosure of this document and that there do not exist, nor have Defendants articulated, any

compelling reason to overcome the strong presumption in favor of public disclosure. Likewise, page 8 does not contain any information that could covered by any "privacy" privilege. The only potentially "private" information on page 9 is Defendant Castro's address. (Id.).

With regard to Exhibit M, again the only information in the first page which is arguably shielded from disclosure is Defendant Smith's address and telephone number. (See, Exhibit M). The second page is illegible. The third, fourth, and fifth pages purport to be an Employee Misconduct Adjudication Report which the public has a significant maintains a strong interest in disclosure of this document and that there do not exist, nor have Defendants articulated, any compelling reason to overcome the strong presumption in favor of public disclosure. Likewise, the sixth page is a memorandum concerning Defendant Smith's misconduct, to which the public maintains a significant presumption of access. The seventh page is correspondence from Defendant Smith's former counsel to NDOC which does not contain any private information. Finally, the only arguably private information on the final page of the exhibit is the Defendant's address.

Here, the only objection to disclosure of the foregoing document, articulated by the Defendants, was privacy. As an initial matter, Plaintiff submits that the Defendant's purported interest in privacy does not satisfy the "compelling reason" requirement to overcome the public's significant interest in access to judicial records, and the strong presumption in favor of that interest, because disclosure of the Defendant's respective phone numbers and addresses will not promote public scandal, circulate libelous statements, or release trade secrets. However, to the extent that the disclosure of personal information could gratify private spite or invade upon an individual's privacy, Plaintiff is amendable to redacting personal information such as addresses or telephone numbers in order to effectively preserve the public's access to

. . .

. . .

. . .

the records while balancing any privacy interest the Defendants may possess in their address or phone numbers. In light of the fact that there are not sufficient compelling reasons to overcome the strong presumption in favor of the historical right of public access to judicial documents, Plaintiff request that this Court decline to seal any portion of this judicial proceeding from the public view because doing so deprives the public of the vital opportunity to see whether justice is being done in the most significant pending case involving Nevada's prisons.

### III.

### CONCLUSION

Plaintiffs respectfully request that this Honorable Court determine that there do not exist compelling reasons to seal Exhibits K, L, and M of NDOC's dispositive Motion from public disclosure.

DATED this 21st day of March, 2016.

POTTER LAW OFFICES

By   /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
C. J. POTTER, IV, ESQ.
Nevada Bar No. 13225
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiffs*

1

## CERTIFICATE OF SERVICE

2     Pursuant to FRCP 5(b), I certify that I am an employee of POTTER LAW OFFICES,

3  and that, on the 21st day of March, 2016, I filed and served through the CM/ECF electronic

4  filing service a true and correct copy of the foregoing **PLAINTIFFS' BRIEF IN RESPONSE**

5  **TO COURT'S ORDER (Doc. 39)** as follows:

6  Andrea R. Barraclough
   Chief Deputy Attorney General
7  Bureau of Litigation
   Public Safety Division
8  100 N. Carson Street
   Carson City, Nevada 89701-4717
9  *Attorney for Defendants*
   *James "Greg" Cox, Timothy Filson,*
10 *Dwight Neven and Ronald Oliver*

11 Jeffrey F. Barr, Esq.
   Ashcraft & Barr, LLP
12 2300 West Sahara Avenue, Suite 800
   Las Vegas, Nevada 89102
13 *Attorneys for Defendant Isaiah Smith*

14 Robert W. Freeman, Esq.
   Pamela L. McGaha, Esq.
15 Lewis Brisbois Bisgaard & Smith LLP
   6385 S. Rainbow Boulevard, Suite 600
16 Las Vegas, Nevada 89118
   *Attorneys for Defendant*
17 *Correction Officer Trainee*
   *Raynaldo-John Ramos*
18
   Craig R. Anderson, Esq.
19 Marquis Aurbach Coffing
   10001 Park Run Drive
20 Las Vegas, Nevada 89145
   *Attorney for Defendant Castro*
21

22                                         /s/ Jenna Enrico
                                           An Employee of Potter Law Offices
23

24

25

26

27

28

8