**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| VICTOR PEREZ, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>            Defendants. | Case No. 2:15-cv-01572-APG-CWH<br><br>**ORDER GRANTING IN PARTY DEFENDANTS' MOTION TO SEAL**<br><br>(Dkt. #35) |

Defendants State of Nevada, Cox, Filson, Neven, and Oliver (the "Moving Defendants") seek to file under seal certain confidential documents attached to their motion to dismiss or for summary judgment. (Dkt. #35.) I allowed the medical records collected as Exhibit R to be filed under seal but I ordered the parties to confer about the personnel records collected as Exhibits K, L, and M. (Dkt. 39.) The parties filed supplemental briefs as I ordered. (Dkt. ##44 – 48.)

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

1    The documents contained in Exhibits K, L, and M are taken from the personnel files of
2 defendants Ramos, Castro, and Smith, respectively.  The Moving Defendants seek to seal these
3 exhibits in their entirety.  But there are not compelling reasons to do so.  The bulk of exhibits L
4 and M are Employee Misconduct Adjudication Reports. (Dkt. #36-2 at 4-8; Dkt. #36-3 at 4-6).
5 Those reports concern the state's investigation of the events that give rise to this litigation.  The
6 public has an interest in seeing that the state properly and thoroughly investigates allegations of
7 serious wrongdoing.  Nothing in the reports indicates the investigation was meant to be kept
8 confidential.

9    The Moving Defendants contend that human resource files and personnel actions taken
10 against government employees are considered official information that is entitled to protection
11 from disclosure. (Dkt. #35 at 3 (citing *Kerr v. U.S. Dist. Ct. for Northern Dist. of California*, 511
12 F.2d 192, 198 (9th Cir. 1975)).  But the official information privilege is not a blanket protection.
13 Rather, a court must balance the potential benefits of disclosure with the potential harms caused
14 by ordering disclosure. (*Id.*)

15    The Moving Defendants are primarily concerned that these exhibits contain full names,
16 personal addresses, social security numbers, and telephone numbers of defendants Ramos, Castro,
17 and Smith.  Addresses, social security numbers, and telephone numbers can and will be protected
18 by redaction.  But these defendants have no right to keep their full names secret.  If that were the
19 case, this entire litigation would have to be conducted in partial secrecy to prevent the disclosure
20 of their names.  That also would make it very difficult for plaintiffs to enforce any judgment they
21 may ultimately recover in this litigation.

22    There is no compelling reason to keep the reports sealed.  And balancing the relevant *Kerr*
23 factors leads to the conclusion that the exhibits should not be sealed in their entirety.  Rather, the
24 Moving Defendants shall redact the defendants' home/mailing addresses, home and cellular
25 telephone numbers, employee numbers, and social security numbers wherever they appear in
26 these exhibits.  Some of the documents (Dkt. #36-1 at 3, Dkt. #36-2 at 3, Dkt. #36-3 at 3) are
27 mostly unreadable.  The Moving Defendants shall carefully review those documents and redact
28

them as well.  After making these redactions, the Moving Defendants shall file the redacted documents unsealed.

    IT IS THEREFORE ORDERED that the motion to file sealed documents **(Dkt. #35) is GRANTED IN PART** as described above.  The Moving Defendants shall redact the documents in Exhibits K, L, and M and then file the redacted documents unsealed.

    Dated: April 4, 2016.

                                ANDREW P. GORDON
                                UNITED STATES DISTRICT JUDGE