# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

VICTOR PEREZ, as Special
Administrator of the Estate of CARLOS
PEREZ, deceased, *et al.*,

Plaintiffs,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 2:15-cv-01572-APG-CWH

**ORDER GRANTING DEFENDANTS'
MOTION TO DIMISS**

ECF Nos. 33, 34

    This action arises from the death of inmate Carlos Perez on November 12, 2014.  Perez was shot with birdshot while in the custody of the Nevada Department of Corrections ("NDOC") at High Desert State Prison ("HDSP").  The plaintiffs are Carlos's brother, Victor Perez, and his mother, Myra Perez.  Victor Perez brings claims on behalf of Carlos's estate, and as the guardian *ad litem* to Perez's two minor children, Sophia and Alexander Perez.  The plaintiffs bring this action against the State of Nevada and seven NDOC employees in their individual capacities, including (1) Greg Cox, former Director of NDOC; (2) Dwight Neven, Warden at HDSP; (3) Timothy Filson, Assistant Warden at HDSP; and (4) Ronald Oliver, a Corrections Officer ("CO") at HDSP.[1]

    The plaintiffs assert claims against all the defendants for: (1) excessive force and deliberate indifference to serious medical needs, under 42 U.S.C. § 1983; (2) wrongful death under Nevada Revised Statutes § 42.085; and (3) intentional infliction of emotional distress ("IIED").  The complaint also asserts a claim of negligent training, supervision, and retention against defendants State of Nevada, Cox, and Neven.

---

[1] The complaint also names COs Ramos, Castro, and Smith (no first names given in the complaint).  These defendants have not moved for dismissal or summary judgment.

1    Defendants State of Nevada, Cox, Neven, Filson, and Oliver (collectively, the "NDOC

2    Defendants") have moved for dismissal and for summary judgment based on lack of standing,

3    qualified immunity, discretionary immunity, and failure to state a claim.  Discovery in this matter

4    began in April 2016 but was stayed in June 2016 pending my decision on this motion.  *See* ECF

5    Nos. 56, 70.

6    Summary judgment is premature at this time, prior to the plaintiffs having a chance to

7    conduct discovery.  However, I grant the NDOC Defendants' motion to dismiss without

8    prejudice.  The plaintiffs may amend the complaint to add factual allegations to support their

9    claims.

10   **I.    BACKGROUND**

11   On November 12, 2014, Carlos Perez was in protective custody at HDSP in the

12   administrative segregation unit. ECF No. 1-4 at 6.  Perez and inmate Andrew Arevalo were

13   allegedly being moved between the showers and their individual cells when a fight broke out

14   between them. *Id.*  The complaint alleges that the two inmates began yelling and kicking each

15   other, with their hands handcuffed behind their backs. *Id.*  The plaintiffs claim that COs Castro

16   and Smith refused to intervene. *Id.*  Rather than separating the handcuffed inmates, COs Castro

17   and Smith instead allegedly "created a gladiator-like scenario and allowed the inmates to fight."

18   *Id.*  The plaintiffs claim that, eventually, CO Castro ordered CO Ramos to "deploy lethal force"

19   against Perez. *Id.* at 7.  Upon hearing this command, CO Ramos allegedly "grabbed his shotgun"

20   and shot Perez with birdshot, killing him. *Id.*  The plaintiffs allege that CO Ramos continued to

21   shoot at Perez even after he was on the ground and that CO Ramos used "unreasonable,

22   unnecessary, excessive, and deadly force." *Id.*

23   The complaint alleges that the defendants violated NDOC policy and procedure by having two

24   inmates out of their cells at the same time and that the individual defendants should have been

25   adequately trained and supervised to use less lethal means of force *Id.* at 7, 9.  The plaintiffs also

26   allege that NDOC's actual policies, customs, and practices encourage the use of deadly force in

27   non-deadly situations, and that these policies, customs, and practices led to Perez's death. *Id.* at 3-

28

4, 7.  They allege that the defendants' use of force was not done in a good-faith effort to maintain discipline, and that the decision to use force was made pursuant to NDOC's "unconstitutional policies to deploy deadly force in situations that do not require such force." *Id.* at 9.  The complaint also claims that the defendants were deliberately indifferent to Perez's serious medical needs by denying him proper treatment after the shooting. *Id.*

## II.    LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation and citations omitted).

I apply a two-step approach when considering motions to dismiss. *Id*. at 679.  First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id*.; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 663.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the

1    pleader is entitled to relief." *Id*. at 679 (internal quotation and citation omitted).  When the claims

2    have not crossed the line from conceivable to plausible, the complaint must be dismissed.

3    *Twombly*, 550 U.S. at 570.  "Determining whether a complaint states a plausible claim for relief

4    will . . . be a context-specific task that requires the [district] court to draw on its judicial

5    experience and common sense." *Iqbal*, 556 U.S. at 679.

6         If I dismiss a claim, I must next determine whether to allow amendment to cure the

7    claim's deficiencies.  I have discretion to grant leave and should freely do so "when justice so

8    requires." Fed. R. Civ. P. 15(a)(2); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

9    Cir. 1990).  I may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue

10   prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly

11   failed to cure deficiencies; or (5) amendment would be futile. *Leadsinger, Inc. v. BMG Music*

12   *Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

13   **III.    ANALYSIS**

14        **1.   Summary Judgment Analysis under Rule 56 is Premature**

15        Pursuant to Rule 56, a party can file a motion for summary judgment "at any time" and

16   does not have to wait for discovery to commence or conclude. Fed. R. Civ. P. 56.  However,

17   despite the plaintiffs' failure to properly file a Rule 56(d) motion, entertaining a motion for

18   summary judgment at this stage would be premature.

19        Discovery in this case was open for only a short period of time before it was stayed

20   pending my decision on this motion.  Thus, the plaintiffs have not had a meaningful opportunity

21   to conduct discovery. *See Moore v. Hubbard*, No. CIV S-06-2187-FCD-EFB, 2009 WL 688897

22   at *1 (E.D. Cal., Mar. 13, 2009).  The NDOC Defendants filed their motion with a very limited

23   record of pre-discovery documents.  Based solely on the limited record before me, I cannot

24   determine whether there are no disputed issues of material fact.  Additionally, the NDOC

25   Defendants argue that many of the supporting documents submitted by the plaintiffs are

26   unauthenticated.  Presumably with more time to conduct discovery, the plaintiffs will be able to

27   authenticate their documents.  Thus, the procedural status of this case renders summary judgment

28

1   inappropriate at this time.  I therefore will consider the motion as one to dismiss under Rule

2   12(b)(6).  The NDOC Defendants may renew their motion for summary judgment after sufficient

3   time for discovery has passed.

4       **2.  Rule 12(b)(6)**

5           **a.  Failure to State Claim**

6       The NDOC Defendants argue that the § 1983 claim must be dismissed because vicarious

7   liability is inapplicable to such claims and the plaintiffs have failed to assert either a direct link or

8   causal connection between the defendants' conduct and the plaintiffs' claims.  They further

9   contend that the plaintiffs' intentional tort claims must be dismissed because there are no

10  allegations of direct participation by the NDOC Defendants.  The NDOC Defendants also

11  contend that the plaintiffs have failed to plead specific facts indicating how the NDOC

12  Defendants breached their duty to Perez because there is no evidence they knew that the COs

13  were acting negligently.  Thus, they argue the negligent training and supervision claim must be

14  dismissed.

15      The plaintiffs respond with numerous factual allegations that were not pleaded in the

16  complaint.  They argue that a causal connection exists between the unconstitutional violations and

17  the NDOC Defendants' conduct because the NDOC Defendants created and promulgated the

18  policies, customs, and practices which led to Perez's death.  They contend that despite NDOC's

19  written policies, the actual widespread practices and customs at HDSP were to have inmates out

20  of their cells at the same time, and to use excessive and unreasonable force to maintain order.

21      The plaintiffs' complaint does not plausibly allege any of their claims against the NDOC

22  Defendants who were not directly involved in the shooting.  Most of the factual allegations in the

23  plaintiffs' opposition are not alleged in the complaint.  The complaint itself is not sufficiently

24  descriptive and does not include enough factual allegations regarding the NDOC Defendants to

25  support the claims and to allow me to draw a reasonable inference that the NDOC Defendants are

26  liable.  For example, it is not clear from the complaint which specific NDOC policies, practices,

27  and customs the plaintiffs believe are unconstitutional.  From their opposition, it appears that they

28

are alleging that NDOC's written policies differ widely from NDOC's actual practices and customs. But this is not clear from the complaint. Similarly, the opposition contains detailed factual allegations related to the plaintiffs' claim of deliberate indifference to serious medical needs, but none of these facts is alleged in the complaint. Nor does the complaint contain factual allegations tying the NDOC Defendants to the plaintiffs' claim that Perez was denied proper medical care. The vast majority of the allegations in the complaint are pleaded as to all defendants and do not distinguish between the actions of the COs involved in the shooting and the other supervisory defendants who were not present but may be liable based on other facts.

The opposition also contains numerous factual allegations that the COs acted with the malicious intent to harm and not to maintain order, and did so based on the widespread practices and customs of NDOC. But, again, these allegations are not contained in the complaint. Because the plaintiffs appear to have unpleaded factual allegations to support their claims, the motion to dismiss is granted but the plaintiffs will be permitted to amend their complaint to cure the factual deficiencies.

**b. Qualified and Discretionary Immunity**

The NDOC Defendants also argue that qualified and discretionary immunity bar the claims against them. Because the complaint fails to allege sufficient facts to support the plaintiffs' claims, it is impossible to determine whether discretionary or qualified immunity would apply. I therefore deny the NDOC Defendants' request for qualified and discretionary immunity without prejudice. The defendants can reassert these arguments once the complaint has been amended.

**c. State of Nevada – Improperly Named in Complaint**

The NDOC Defendants argue that as a sovereign, the State of Nevada is immune from lawsuits except in limited circumstances. They argue that Nevada law requires any suit against the State of Nevada to be brought against the state agency whose actions are the basis of the suit in order to invoke the State's waiver of sovereign immunity. Because the complaint names only the State of Nevada and various NDOC personnel in their individual capacities (but does not

1  name NDOC as the relevant state agency), they contend the State of Nevada was improperly

2  named.  In response, the plaintiffs argue that the State of Nevada waived its sovereign immunity

3  under the Eleventh Amendment when it removed the action to federal court.

4        Under N.R.S. § 41.031(2), actions brought against the State of Nevada "must be brought

5  in the name of the State of Nevada on relation of the particular department, commission, board or

6  other agency of the State whose actions are the basis for the suit."  In this case, the relevant state

7  agency would be NDOC.  Because I am granting the plaintiffs leave to amend the complaint, the

8  plaintiffs should comply with N.R.S. § 41.031(2).

9             **d.  Standing in Wrongful Death Claim**

10        The NDOC Defendants argue that plaintiff Myra Perez (Carlos Perez's mother) lacks

11  standing to bring an individual claim for wrongful death.  They contend that under Nevada law

12  only "heirs" may assert an action for wrongful death, and Myra Perez has not alleged she is

13  Perez's heir.

14        The plaintiffs do not respond to this argument, but they argue that Myra Perez has

15  "personal standing" because "parents have a liberty interest in the companionship of their adult

16  children and a cause of action under the Fourteenth Amendment." ECF No. 60 at 16.  However,

17  the complaint contains no Fourteenth Amendment loss of companionship claim.  Nor do the

18  plaintiffs explain what relevance this has to their state law wrongful death claim.

19        Under Nevada law, only "heirs" may assert an action for wrongful death. N.R.S. § 41.085.

20  N.R.S. § 41.085 states that, "[a]s used in this section, 'heir' means a person who, under the laws

21  of this State, would be entitled to succeed to the separate property of the decedent if the decedent

22  had died intestate."  The complaint does not plead that Myra Perez is Perez's heir, and it does not

23  appear that she is his heir.  Rather, the complaint pleads that Victor Perez brings claims on behalf

24  of Carlos's estate and as the guardian *ad litem* to Carlos's two minor children.  I therefore grant

25  the NDOC Defendants' motion on this ground and dismiss the wrongful death claim asserted by

26  Myra Perez.

27  / / / /

28

1

IV.     **CONCLUSION**

2

        IT IS THEREFORE ORDERED that the motion to dismiss **(ECF Nos. 33, 34) is**

3

**GRANTED**.  The complaint is dismissed without prejudice.  The plaintiffs may file an amended

4

complaint to cure the deficiencies pointed out in this Order, if they have sufficient facts to do so.

5

If an amended complaint is not filed within 21 days of the entry of this Order, the case will be

6

closed and judgment will be entered.

7

        DATED this 12th day of September, 2016.

8

9

                                        _____

                                        ANDREW P. GORDON

10

                                        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28