CLARK HILL PLLC
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
3800 Howard Hughes Pkwy., #500
Las Vegas, Nevada 89169
Tel: (702) 862-8300
Fax: (702) 778-9709
*Attorneys for Plaintiffs, Perez Family*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR PEREZ, as Special Administrator of the Estate of CARLOS PEREZ, deceased; VICTOR PEREZ, as the Guardia Ad Litem for S.E.P., a minor; VICTOR PEREZ, as the Guardia Ad Litem for A.I.P., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF NEVADA, ex.rel. NEVADA DEPARTMENT OF CORRECTIONS; DIRECTOR GREG COX, individually; WARDEN DWIGHT NEVEN, individually; ASSISTANT WARDEN TIMOTHY FILSON, individually; COT. RAMOS, individually; LIEUTENANT OLIVER, individually; CORRECTIONS OFFICER CASTRO, individually; CORRECTIONS OFFICER SMITH, individually; and DOES I-X, inclusive; and ROES I-X, inclusive,<br><br>Defendants. | CASE NO.: 2:15-cv-01572-APG-DJA<br><br>**JOINT UNOPPOSED MOTION AND (PROPOSED) ORDER TO EXTEND THE DEADLINE TO FILE THE JOINT PRE-TRIAL ORDER**<br>**(Second Request)** |

Victor Perez, as Special Administrator of the Estate of Carlos Perez, deceased, by and through his counsel, Paola M. Armeni, Esq., of the law firm of Clark Hill, Defendant Raynaldo Ramos, by and through his counsel, Robert W. Freeman, Jr. Esq., of the law firm of Lewis Brisbois Bisgaard & Smith, LLP, Defendants, State of Nevada ex rel Nevada Department of Corrections, James Greg Cox, Timothy Filson and Dwight W. Neven, by and through their counsel, Kiel B. Ireland, Esq., of the Attorney General's Office, Defendant Isaiah Smith, by and through his counsel

of record Jeffrey F. Barr, Esq. and Alina M. Shell, Esq. of the law firm of Armstrong Teasdale, and Defendant Jeff Castro, by and through his counsel, Craig R, Anderson, Esq., of the law firm of Marquis Aurbach Coffing, hereby respectfully submit this Joint Unopposed Motion and Order Extending the Deadline to File the Joint Pretrial Order previously due on August 10, 2022, to be extended up to and including November 10, 2022.

**I.   PROCEDURAL HISTORY**

1. This is a factually intensive civil rights case with multiple parties, complex evidentiary questions, and multiple issues of law.
2. After years of litigation (including an initial interlocutory appeal to the Ninth Circuit), this Court ruled on the parties' respective Motions for Summary Judgment on or about July 11, 2022 [ECF No. 205].
3. Pursuant to Rule 26-1(b)(5) of the Local Rules, the parties' Joint Pretrial Order was due thirty days after the Court's Order on Summary Judgment [ECF No. 205] on or about August 10, 2022.
4. All parties missed this deadline.
5. On or about August 30, 2022, the parties submitted a Stipulation and Proposed Order to Extend the Deadline to File the Joint Pre-Trial Order [ECF No. 220].
6. The Court denied this Stipulation without prejudice [ECF No. 221] because the parties did not comply with Local Rule IA 6-1(a) and Local Rule IA 6-2.
7. The parties now resubmit the instant Joint Unopposed Motion to remedy these procedural defects.
8. This is therefore the second request to extend the deadline for the parties to file the Joint Pretrial Order.

**II.   ANALYSIS**

Local Rule IA 6-1(a) permits a court to extend a deadline after the deadline has expired when "the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."

"Excusable neglect" is an equitable determination with the court taking account of all relevant circumstances surrounding the party's omissions. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). *Pioneer* sets out a non-exclusive, four-factor test to determine whether a missed deadline constitutes "excusable neglect." *Id*. These include: (1) prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the moving party); and (4) whether the movant acted in good faith.

Here, all four factors militate in favor of a finding of excusable neglect.

First, the instant motion is joint and unopposed. No party suffered any prejudice by the unanimous neglect of the joint pretrial order deadline. To the contrary, all parties agree that they need the extension prayed for in this motion to prepare for an efficient and orderly trial. Thus, the first *Pioneer* Factor weighs in favor of a finding of excusable neglect.

Second, the length of the delay has been a mere few weeks, and it has had no direct impact on any pending judicial proceedings. Indeed, the parties request this delay to avoid any direct impact on the trial of this case. The purpose of the joint pretrial order is to provide the parties with a roadmap for an efficient and orderly trial and to inform the court of potential trial dates. Because the neglect here did not impact any pending judicial proceedings, the second Pioneer Factor supports the finding of excusable neglect and good cause for an extension.

Third, there is a compelling reason for the neglect. This case is a civil rights case, and a dispositive motion determining qualified immunity is subject to an interlocutory appeal.[1] Unlike most cases, the time for an interlocutory appeal of the District Court's Order on the dispositive motions [ECF No. 205] ran co-terminus with the deadline to file the Joint Pretrial Order. This deadline was not within the control of the parties.

All the defendants had the right to an interlocutory appeal. (Indeed, one such appeal had previously been filed early on by the NDOC defendants). Thus, it was reasonable to expect any one of the multiple defendants to file with the appellate court, and the remaining defendants had

---

[1] The determination of qualified immunity is a "final decision" for appellate purposes under 28 U.S.C. 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985).

ClarkHill\J2020\392971\268357709.v2-9/16/22

no ability to control this.  Trying this case in the midst of an interlocutory appeal would have been cumbersome, at best, and impossible, at worst.  Thus, no one worked on the Joint Pretrial Order while the deadline to appeal remained pending.  When no party appealed ECF No. 205, the deadline to file the Joint Pretrial Order had already passed.  The confluence of deadlines renders the neglect in this case excusable.  Additionally, Plaintiff's law firm unintentionally failed to calendar the date to file the Joint Pretrial Order. The team member that calendars on this matter suffered the unexpected loss of her father and as a result was out of the office when the Order triggering this deadline was filed.  Counsel for the Plaintiff was also out of the jurisdiction for two weeks shortly after the Order was filed. As a result, this calendaring entry slipped through the cracks accidently.  Based on these factors, the third *Pioneer* factor strongly militates in favor of a finding of excusable neglect.

Fourth, the parties are acting in good faith.  The parties sincerely desire to try this case in the most efficient way possible.  For example, the neglect here was the product of a unanimous desire to litigate decisively (i.e., no party wanted to try this case in the face of an interlocutory appeal).  The neglect was not intended to interpose any delay.  In short, the fourth *Pioneer* factor supports a finding of excusable neglect.

//

//

//

//

ClarkHill\J2020\392971\268357709.v2-9/16/22

WHEREFORE, the parties request that the Court find that the parties' failure to timely file the Joint Pretrial Order was due to excusable neglect, and the deadline to file their Joint Pretrial Order will be extended to and including November 10, 2022.

Respectfully submitted this 16th day of September 2022.

**CLARK HILL, PLLC**

/s/ Paola M. Armeni
_____
PAOLA M. ARMENI
Nevada Bar No. 8357
3800 Howard Hughes Pkwy., #500
Las Vegas, Nevada 89169
*Attorneys for Plaintiffs, Perez Family*

**MARQUIS AURBACH COFFING**

/s/ Craig R. Anderson
_____
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Defendant Jeffrey Castro*

**ARMSTRONG TEASDALE**

/s/ Jeffrey F. Barr
_____
Jeffrey F. Barr, Esq.
Nevada Bar No. 007269
Alina M. Shell, Esq.
Nevada Bar No. 11711
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
*Attorneys for Defendant Isaiah Smith*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Robert W. Freeman, Jr.
_____
Robert W. Freeman, Jr., Esq.
Nevada Bar No. 003062
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, NV 89118
*Attorneys for Defendant Raynaldo Ramos*

**OFFICE OF THE ATTORNEY GENERAL**

/s/ Steven Shevorski
_____
Steven Shevorski, Esq.
Nevada Bar No. 008256
Kiel B. Ireland, Esq.
Nevada Bar No. 15368
100 N Carson St
Carson City, NV 89701
*Attorneys for Defendants, State of Nevada, Dwight W. Neven, James Greg Cox, Timothy Filson*

**IT IS SO ORDERED:**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: September 19, 2022